THOMAS *v.* PARKER RUST PROOF CO.

FORTH *v.* SAME.                    BLAKE *v.* SAME.

HUGHES *v.* SAME.                   BURNS *v.* SAME.

SMITH *v.* SAME.                    GRAY *v.* SAME.

McCLENEN *v.* SAME.

1. WORKMEN'S COMPENSATION—NEGLIGENCE — ACCIDENT — OCCUPA-
   TIONAL DISEASES.
   Injuries received which are not accidental and occupational di-
   seases contracted in course of employment by reason of em-
   ployer's failure to provide preventative means and measures
   which would have saved the employee from injury may not.be
   made the basis upon which an action at law can be maintained
   against an employer operating under the workmen's com-
   pensation act (2 Comp. Laws 1929, §§ 8407, 8409, 8410).

2. SAME—ELECTION TO OPERATE UNDER ACT—ABROGATION OF COM-
   MON-LAW DEFENSES.
   Operation under the workmen's compensation act is not man-
   datory but elective and if one is not so operating certain
   common-law defenses of the employer are abrogated (2 Comp.
   Laws 1929, §§ 8407, 8409, 8410).

3. SAME—ELECTION OF EMPLOYEE NOT TO BE SUBJECT TO ACT.
   An employee, by written notice at the time of hiring, may elect
   not to be subject to the provisions of the workmen's com-
   pensation act (2 Comp. Laws 1929, § 8414).

4. SAME—ELECTION TO OPERATE UNDER ACT—COMMON LAW—CON-
   TRACTS.
   After election of an employer to operate under the workmen's
   compensation act and failure of employee to exercise his right
   of rejection, the provisions of the act enter the contract rela-
   tion between them and both are bound by the act and neither

can complain that the act takes away any common-law rights relative to actions or defenses (2 Comp. Laws 1929, §§ 8407, 8409, 8410, 8414).

5. SAME—RIGHTS UNDER ACT BASED ON CONTRACT.

Rights of respective parties under workmen's compensation act are fundamentally based on contract of employment and, being matter of contract, the provisions of the act are binding upon the parties to the contract.

6. SAME—OCCUPATIONAL DISEASES—COMMON LAW.

An employee had no right of action at common law against an employer for injury or death due to an occupational disease, hence no right of action was taken away by failure of the workmen's compensation act to constitute an occupational disease a compensable injury (2 Comp. Laws 1929, § 8407 *et seq.*, before amendment by Act No. 61, Pub. Acts 1937).

7. SAME—COMMON LAW—ACCIDENTAL INJURIES.

The workmen's compensation act was designed to provide a remedy only for accidental injuries as it was framed to take the place of all common-law remedies which arose from accidental injuries occasioned by the negligence of the employer.

8. SAME — SILICOSIS — OCCUPATIONAL DISEASES — ACCIDENTAL INJURIES.

Recovery may not be had in an action at law against an employer operating under the workmen's compensation act for silicosis or pneumoconiosis, occasioned by inhalation of dust and fumes during course of employment and resulting fatally to plaintiff's decedent, since if the disease is occupational then the alleged negligence of defendant did not make it an accidental injury and if employer's failure to warn of danger and provide protection against it constituted actionable negligence previous to adoption of the workmen's compensation act, recovery would be by such method as that act provides (2 Comp. Laws 1929, § 8407 *et seq.*, before amendment by Act No. 61, Pub. Acts 1937).

9. SAME—CONSTRUCTION OF ACT—COMMON LAW—EQUITY.

Workmen's compensation act is a statute in derogation of the common law permitting no enlargement by principles of equity or common-law adaptations.

10. CONSTITUTIONAL LAW — TRIAL BY JURY — EQUAL PROTECTION —
    IMPAIRMENT OF OBLIGATION OF CONTRACT.

    In action at law against employer for loss of plaintiff's de-
    cedent through silicosis or pneumoconiosis, contracted during
    course of employment, fact that recovery is denied as a matter
    of law for failure to state a case does not abrogate right to
    trial by jury, deprive plaintiff of the equal protection of law
    nor impair obligations of contract of employment under the
    workmen's compensation act (U. S. Const. Am. 7; Mich. Const.
    1908, art. 2, § 13; 2 Comp. Laws 1929, § 8407 *et seq.*).

    POTTER and MCALLISTER, JJ., dissenting.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted January 12, 1938. (Docket Nos. 127–134,
Calendar Nos. 39,882–39,889.) Decided May 4, 1938.

Separate actions of case by Catherine Thomas,
administratrix of the estate of Brit Thomas, de-
ceased, Frances Forth, administratrix of estate of
John Forth, deceased, Lovey Blake, administratrix
of estate of Yancey Blake, deceased, Maggie Hughes,
administratrix of estate of Silas Hughes, deceased,
Rosa Burns, administratrix of estate of Alexander
Burns, deceased, Anna Smith, administratrix of
estate of Robert Smith, deceased, Leota Elizabeth
Gray, administratrix of estate of Frank Gray, de-
ceased, and Mack McClenen against Parker Rust
Proof Company, a corporation, for personal injuries
causing death of plaintiffs' decedents through fail-
ure to provide a safe place to work. Cases consoli-
dated for trial and appeal. On motion of defendant,
an order was entered dismissing case. Plaintiffs
appeal. Affirmed.

*Dann & Atlas,* for plaintiffs.

*Fred C. Culver* and *Vandeveer, Vandeveer & Hag-
gerty,* for defendant.

*Butzel, Eaman, Long, Gust & Bills (David A. Howell, of counsel), amici curiæ.*

Wiest, C. J.   The above eight cases involve the same issues of law and have been heard together upon the record in *Thomas v. Parker Rust Proof Company,* and this opinion in that case applies as well to all the others.

Catherine Thomas, administratrix of the estate of Brit Thomas, deceased, brought this action at law, claiming that decedent, while in the employ of defendant company, suffered a diseased condition of the lungs, due to the inhalation of dust and fumes during a course of years and known as silicosis or pneumoconiosis, causing his death.   The workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]) at the time affording no remedy against the employer for an occupational disease, this claimed right of action at common law was brought to recover damages under allegations that defendant, as employer, negligently and wilfully, failed to provide preventative means and measures which would have saved the employee from injury.

Upon motion of defendant, it appearing that defendant and plaintiff's decedent were at all times subject, in their relation of employer and employee, to the provisions of the workmen's compensation act, the court dismissed the suit under the authority of *Cell* v. *Yale & Towne Manfg. Co.,* 281 Mich. 564.

Plaintiff prosecutes review, presenting the principal question of whether, under the rule of employer and employee operating under the provisions of the workmen's compensation act, damages for an injury to the employee, not compensable under that act, may be recovered in an action at law.

Counsel for plaintiff herein also appeared as counsel for plaintiff in the *Cell Case.* In the *Cell Case* we said:

"Plaintiff contends that he has not met with an accident, neither is he suffering from an occupational disease but that he has been injured by the negligence of the defendant, and inasmuch as the compensation act affords no remedy, except for accidental injuries, and none for occupational diseases it has not abrogated the common law remedy here invoked. * * *

"Upon review plaintiff admits there is no remedy at law for an occupational disease, strictly as such, but claims that for injuries sustained, without accident, but by reason of the failure of the employer to protect him as an employee, he may maintain this suit."

We there held:

"The relation of master and servant existed. The declaration avers a duty upon the master to provide a vent for the fumes and culpable neglect to do so.

"Plaintiff averred an action governed by the law of master and servant. Such an action cannot be maintained against an employer operating under the workmen's compensation act."

Notwithstanding the opinion in that case the same counsel present a like question in the instant case.

No rehearing was asked in the *Cell Case,* and we might well limit opinion herein to a statement that the instant case is controlled by the opinion in that case.

The provisions of the compensation act clearly bar prosecution of the instant case.

Section 1 of the act (2 Comp. Laws 1929, § 8407 [Stat. Ann. § 17.141]) provides:

"In an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injuries so sustained, it shall not be a defense:

"(a) That the employee was negligent, unless and except it shall appear that such negligence was wilful;

"(b) That the injury was caused by the negligence of a fellow employee;

"(c) That the employee had assumed the risks inherent in or incidental to, or arising out of his employment, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances."

Section 8409, 2 Comp. Laws 1929 (Stat. Ann. § 17.143), provides:

"The provisions of section one shall not apply to actions to recover damages for the death of, or for personal injuries sustained by employees of any employer who has elected, with the approval of the industrial accident board * hereinafter created, to pay compensation in the manner and to the extent hereinafter provided."

And 2 Comp. Laws 1929, § 8410 (Stat. Ann. § 17.144), provides:

"Any employer who has elected, with the approval of the industrial accident board * hereinafter created, to pay compensation as hereinafter provided, shall not be subject to the provisions of section one; nor shall such employer be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee, for which death or injury compensation is recoverable

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).— Reporter.

under this act, except as to employees who have elected in the manner hereinafter provided not to become subject to the provisions of this act.''

It will be noted that the mentioned section 8407 takes away from the employer, not operating under the act, certain common-law defenses, while section 8409 constitutes the provisions of section 8407 wholly inapplicable to an employer operating under the compensation act, and section 8410 expressly limits the employer's liability, where both the employer and employee are operating under the provisions of the act, by providing that the employer shall not be subject to any other liability whatsoever.

Operation under the compensation act is not mandatory but elective; an employer may elect to operate under its provisions; if not so operating certain common-law defenses are abrogated. An employee, by written notice at the time of hiring, may elect not to be subject to the provisions of the act (2 Comp. Laws 1929, § 8414 [Stat. Ann. § 17.148].).

Where the employer elects to operate under the provisions of the act, and the employee fails to exercise the right of rejection, the provisions of the act enter the contract relation between them and both are bound by the provisions of the act and neither can complain that the act takes away any common-law rights relative to actions or defenses.

''We have repeatedly held the rights of respective parties under the workmen's compensation law, are fundamentally based upon the contract of employment.'' *Boshaw* v. *J. J. Newberry Co.*, 259 Mich. 333 (83 A. L. R. 412).

The provisions of the workmen's compensation act are, in effect, read into the contract of employment between the employer and the employee. *City of Grand Rapids* v. *Crocker*, 219 Mich. 178.

Being matter of contract the provisions of the act are binding upon the parties to the contract.

The compensation act imposes upon the employer certain duties and liabilities theretofore unknown to the law and, in some instances, brings a surrender of rights on the part of the employee.

An employee had no right of action at common law against an employer for injury or death due to an occupational disease. *Adams* v. *Acme White Lead & Color Works,* 182 Mich. 157, 159, 162 (L. R. A. 1916A, 283, Ann. Cas. 1916D, 689, 6 N. C. C. A. 482). So, no such *right of action* was taken away by failure of the compensation act to constitute an occupational disease a compensable injury. An occupational disease was not an accidental injury at common law and its inclusion in the compensation act would have been an added liability of the employer and, as such, require specific mention or designation as has since been accomplished in specified instances by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 8485–1 *et seq.*).

The legislature framed the compensation act to take the place of all common-law remedies and, as such remedies arose from accidental injuries occasioned by negligence of the employer, the term ''accidental injuries'' was employed advisedly.

If plaintiff's decedent's disease was occupational then the alleged negligence of defendant did not make it an accidental injury. If such alleged failure on the part of the employer to warn of the danger and provide protective means and measures constituted actionable negligence, previous to adoption of the act, then this action cannot be maintained.

The declaration alleged: ''That in the year 1929 the deceased commenced working for the defendant in the aforesaid plant in the presence of the aforesaid machinery and more especially in the sand

blasting department, where dust, sand, chemicals, smoke, gas, fumes, silica, and silica bearing compounds were readily generated and diffused in the air;'' that by reason of so working plaintiff's decedent contracted silicosis which caused his death on March 4, 1935. There is no allegation that the silicosis came suddenly, by reason of negligence on the part of defendant and was the result of one contact or event and, therefore, accidental.

We said in *Adams* v. *Acme White Lead & Color Works, supra,* 160:

''In occupational diseases it is drop by drop, it is little by little, day after day for weeks and months, and finally enough is accumulated to produce symptoms.''

We held in *Munson* v. *Christie,* 270 Mich. 94:

''As to employers and employees under the act 'the right to compensation or damage' incident to an industrial injury suffered by an employee is restricted to such as the act provides.''

In *Tews* v. *C. F. Hanks Coal Co.,* 267 Mich. 466, we said:

''The compensation act is in derogation of the common law and, therefore, its measure of relief may not be extended beyond its express terms; it is a legislative creation permitting no enlargement by principles of equity or common-law adaptation. It is arbitrary and where it speaks nothing can be added nor changed by judicial pronouncement. It imposes liability upon operatives under its provisions and measures exclusive relief in its own terms.''

Again we say, as we said in the case of *Cell* v. *Yale & Towne Manfg. Co., supra,* plaintiff averred an action governed by the law of master and servant and

such an action cannot be maintained against the employer operating under the workmen's compensation act.

Counsel for plaintiff contend that, by dismissal of the suit, plaintiff has been deprived of a trial by jury, contrary to article 7, of the amendments to the Constitution of the United States, and article 2, § 13, of the Constitution of the State of Michigan.

No case having been stated there was no right to trial by jury. The holding herein does not deprive plaintiff of the equal protection of law, nor does it impair the obligations of the contract of employment under the workmen's compensation act.

The judgment is affirmed, with costs to defendant. A like affirmance follows in the other seven cases.

BUSHNELL, SHARPE, and NORTH, JJ., concurred with WIEST, C. J.

POTTER, J. (*dissenting*). I do not agree with the opinion of the majority herein.

The title to the workmen's compensation act is one "providing compensation for the accidental injury to or death of employees," et cetera. Part 2, § 1, of the act (2 Comp. Laws 1929, § 8417 [Stat. Ann. § 17.151]) covers *personal injuries* to an employee arising out of and in the course of his employment. It is clear that part 2, § 1, of the act is much broader than the title thereof. When the constitutionality of the act came before the court, it confined the operation of part 2, § 1, of the act to the scope of the title by exercising the legislative power of interlineation by inserting the word "accidental" as a matter of construction before the word "personal" in part 2, § 1, of the act. So that the act was construed to read "accidental personal injury arising out of and in the course of his employment."

It seems to have been settled by this court that there was no such thing at common law as liability for a purely occupational disease. There is no doubt but that at common law an occupational disease contracted by reason of the employer's negligent failure to furnish a safe place to work was actionable.

(a) An employer is liable for injuries caused to an employee by reason of the employer's negligent failure to furnish a safe place to work. *Swoboda* v. *Ward,* 40 Mich. 420 (15 Am. Neg. Cas. 752, 16 Am. Neg. Cas. 1) ; *Huizega* v. *Cutler & Savidge Lumber Co.,* 51 Mich. 272; *Smith* v. *Peninsular Car Works,* 60 Mich. 501 (1 Am. St. Rep. 542, 16 Am. Neg. Cas. 42).

(b) If latent risks unknown to the employee exist, it is the duty of the employer to warn the employee of such dangers. *Chicago & Northwestern R. Co.* v. *Bayfield,* 37 Mich. 205 (16 Am. Neg. Cas. 87) ; *Michigan Central R. Co.* v. *Smithson,* 45 Mich. 212; *Hathaway* v. *Railroad Co.,* 51 Mich. 253 (47 Am. Rep. 569) ; *Ribich* v. *Lake Superior Smelting Co.,* 123 Mich. 401 (48 L. R. A. 649, 81 Am. St. Rep. 215, 7 Am. Neg. Rep. 534).

(c) These rules apply to injuries occasioned by occupational disease as well as to other injuries. *Fox* v. *Peninsular White Lead & Color Works,* 84 Mich. 676, involved personal injuries resulting from exposure to Paris green in process of manufacture. In that case, it was said:

"It was the duty of the defendant not only to inform the plaintiff that it was a poison, but of the effect it might produce to one working in its manufacture without taking due precaution; and the precaution necessary to be taken should have been pointed out, if known to the defendant, and all proper and reasonable appliances and facilities provided to

guard against the dangers to be encountered in the employment.''

Such disease so contracted was not accidental in character. There was nothing fortuitous or sudden about its acquisition. It was not such an accidental personal injury as entitled the injured employee to compensation under the workmen's compensation act. The workmen's compensation act is the sole basis of recovery only when ''compensation is recoverable under this act.'' Part 1, § 4 (2 Comp. Laws 1929, § 8410 [Stat. Ann. § 17.144]). This position is strengthened by part 1, § 5, subd. 2, of the act (2 Comp. Laws 1929, § 8411 [Stat. Ann. § 17.145]) which covers employers who ''have elected to become subject to the provisions of this act,'' and by every other section of the act itself.

It was not the intent and purpose of the workmen's compensation act to take away from injured employees rights which they had at common law without substituting a new remedy in the place of their right of recovery. Therefore, the common-law liability of an employer for injuries to the employee arising out of the negligent failure of the employer to furnish a safe place to work,—occupational diseases, not accidental injuries,—remains subject to the rule of the common law. No remedy therefor was furnished by the workmen's compensation act. *Liondale Bleach, Dye & Paint Works* v. *Riker,* 85 N. J. Law, 426 (89 Atl. 929); *Jellico Coal Co.* v. *Adkins,* 197 Ky. 684 (247 S. W. 972); *Berkeley Granite Corp.* v. *Covington,* 183 Ga. 801 (190 S. E. 8); *Smith* v. *International High Speed Steel Co.,* 98 N. J. Law, 574 (120 Atl. 188); *Donnelly* v. *Minneapolis Manfg. Co.,* 161 Minn. 240 (201 N. W. 305); *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139 (194

N. E. 61); *Zajkowski* v. *American Steel & Wire Co.*, 169 C. C. A. 147 (258 Fed. 9, 6 A. L. R. 348).

The declaration of plaintiff sets up such an injury,—that is, an injury arising out of occupational disease contracted by reason of the negligent failure of the employer to furnish a safe place to work. The common-law liability of the employer remains and plaintiff may be entitled to recover if he can establish he did not knowingly assume the risk of the employment, was not guilty of contributory negligence, and his injuries did not result from accident or from the negligence of a fellow servant or employee.

McAllister, J., concurred with Potter, J. Butzel, and Chandler, JJ., did not sit.