BUSHA v DEPARTMENT OF STATE HIGHWAYS

1. STATUTES—CONSTRUCTION—PLAIN LANGUAGE.

There is no room for judicial construction of a statute where the language of the statute is plain.

2. STATUTES—CLASSIFICATIONS—CONSTITUTIONAL LAW—EQUAL PROTECTION—REASONABLENESS—BURDEN OF PROOF.

A party who assails a classification in a statute on the ground that it is in violation of the equal protection of the laws has a heavy burden of showing that the classification has no reasonable basis.

3. LIMITATION OF ACTIONS—HIGHWAYS—NEGLIGENCE—CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES.

A statutory provision which limits to two years instead of the general three years the time within which an action may be brought against a governmental agency for failing to maintain a highway applies to each and every person who may have been injured by a defect in a public highway and, therefore, does not discriminate against any group or classification of people, and no denial of equal protection of the laws results (MCLA 691.1411).

Appeal from the Court of Claims, Charles A. Wickens, J. Submitted Division 2 November 9, 1973, at Lansing. (Docket No. 15703.) Decided January 21, 1973.

Complaint by James Busha and the St. Paul Insurance Companies against the Department of State Highways for damages resulting from an automobile accident. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 50 Am Jur, Statutes § 363.

*Alexander S. Jarosz (Robert A. Benson,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. The cause of action arises out of a motor vehicle accident which took place on a state highway on July 14, 1970. A notice of intent to file a claim (as required at that time) was timely filed with the Court of Claims. The actual claim or complaint itself was not filed in the Court of Claims until September 8, 1972. On October 27, 1972, the Court of Claims granted defendant's motion for an accelerated judgment because of the plaintiffs' failure to file said claim within two years of the occurrence of the accident, as required by MCLA 691.1411; MSA 3.996(111). Plaintiffs appeal to this Court contending that the statute is unconstitutional and in violation of the equal protection provisions of the Federal and state constitutions and further contending that defendant should be subject to the general three-year statute of limitation.

Plaintiffs argue on appeal that it was impossible to ascertain which limitational period was applicable to the case at bar. MCLA 691.1411; MSA 3.996(111) provides:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961."

MCLA 691.1402; MSA 3.996(102) provides in substantive part as follows at § 2:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

Although there are numerous notice and limitation requirements in the statutes which plaintiff claims cannot be followed easily by even a skilled practitioner, where the language of the statute is plain we are left no room for judicial construction. *Hughes v Detroit,* 336 Mich 457, 459; 58 NW2d 144, 145 (1953).

Plaintiffs' second contention on appeal is that the two-year limitational period is arbitrary and an unreasonable classification and therefore violative of the Supreme Court's recent decision in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972).[1]

---

[1] A similar argument was made in *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973), where the Supreme Court was considering the six-month notice requirement (MCLA 257.1118; MSA 9.2818) in the Motor Vehicle Accident Claims Act. The *Carver* Court remarked:

"At the onset, we acknowledge frankly that statutes which limit access to the courts by people seeking redress for wrongs are not looked upon with favor by us. We acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict such access, but we look askance at devices such as notice

The "rational basis" test applies when the law allegedly infringing equal protection creates no fundamental rights. Plaintiffs' claim falls within this class and if a reasonable relation exists between the classification and some legitimate state interest, no denial of equal protection results. *Wilkins v Ann Arbor City Clerk,* 385 Mich 670, 679–680; 189 NW2d 423, 427 (1971). As a panel of this Court stated in *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 12; 211 NW2d 228, 231 (1973):

> " 'Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v Maryland,* 366 US 420; 81 S Ct 1101; 6 L Ed 2d 393 (1961)."

A party who assails a classification on the ground that it is in violation of the equal protection of the law has a heavy burden of showing that the classification has no reasonable basis. In *Kriger v South Oakland County Mutual Aid Pact, supra,* the following rule from *Wood v Jackson County,* 463 SW2d 834, 835 (Mo, 1971), was adopted:

> " 'It is a general rule that equal protection of the laws is not denied by a course of procedure which is

requirements which have the effect of shortening the period of time set forth in such statutes." *Carver, supra,* at 99; 211 NW2d at 26.

applied to legal proceedings in which a particular person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions. Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts.' 16 Am Jur 2d, Constitutional Law, § 533, p 923."

Plaintiffs have not sustained the heavy burden of showing that the two-year limitational period found in MCLA 691.1411; MSA 3.996(111) is a denial of the equal protection of the laws. The provision applies to each and every person who may have been injured by a defective public highway and, as such, does not discriminate against any group or classification of people. In *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), the Supreme Court held the 60-day notice provision of this act to be constitutionally violative as it sought to split the natural class of tortfeasors into private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed. The Court held that notice provision to be a special statute of limitation which arbitrarily bars the actions of the victim of governmental negligence after only 60 days.[2] Although there is language in *Reich* and *Carver* which gives force to the plaintiffs' arguments, neither decision can be properly extended to the full limitation period as plaintiffs request. This argument is more properly directed to the Supreme Court.

[2] *See, generally, Carver, supra,* footnote 1.

Plaintiffs had two years from the occurrence of the accident in which to file a claim and commence an action against the state. Failure to act upon the part of the plaintiffs within the statutory time period forecloses the right of action. *Yarger v City of Hastings,* 375 Mich 413; 134 NW2d 726 (1965).

Affirmed.