DYMMEL v STATE CEMETERY COMMISSION

1. CONSTITUTIONAL LAW—EQUAL PROTECTION.

    The right to the equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under the Michigan Constitution are congruent (US Const, Am XIV; Const 1963, art 1, §§ 1, 2).

2. CEMETERIES—CONSTITUTIONAL LAW—STATUTES—LICENSES—BURIAL RIGHTS—CLASSIFICATION —LEGISLATURE.

    A plaintiff, who challenged the constitutionality of a statute providing for licensing of brokers in burial rights but exempting cemetery employees from licensing if their activity is not for additional compensation, failed to meet his burden of showing that the classification does not rest upon any reasonable basis, but is essentially arbitrary; there was a rational basis for the statute in that the Legislature may well have concluded that the protection afforded by licensing is necessary only when the salesman stands to make a personal gain on the transaction (MCLA 456.537).

3. CEMETERIES—CONSTITUTIONAL LAW—STATUTES—WAIVER—PERPETUAL CARE FUNDS.

    A plaintiff's challenge to the constitutionality of the statutory scheme for funding perpetual care funds which authorizes the State Cemetery Commission, upon application of a cemetery, to waive further deposits to the perpetual care fund under certain circumstances failed to allege that there has been an unequal application of the waiver provision where no cemetery has applied for and received such a waiver (MCLA 456.35a, 456.536).

4. CEMETERIES—CLASSIFICATION—STATUTES—PERPETUAL CARE FUNDS —BURIAL RIGHTS.

    A statutory classification is not unreasonable or arbitrary where the statute places the burden of contributing to perpetual care

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 485, 493.
[2, 4] 16 Am Jur 2d, Constitutional Law § 517 *et seq.*
[3] 14 Am Jur 2d, Cemeteries § 20.

funds of cemeteries on those who deal in burial rights for profit and exempts from payments into the funds those who are engaged in the sale of burial rights, but not as a full or partial means of livelihood (MCLA 456.536).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 June 6, 1973, at Detroit. (Docket No. 14630.) Decided September 24, 1973. Leave to appeal applied for.

Complaint by Roy G. Dymmel against the Michigan State Cemetery Commission, Herbert C. Dejonge, Michigan Memorial Park, Inc., Roseland Park Cemetery Association, Woodlawn Cemetery Association, Forest Lawn Cemetery Company, and Memorial Gardens Association, Inc., challenging the constitutionality of the statutes providing for the licensing of cemetery rights salesmen and the funding of perpetual care funds for cemeteries. Judgment for defendants. Plaintiff appeals. Affirmed.

*Eli Friedman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Christopher C. Nern,* Assistants Attorney General, for defendants Michigan State Cemetery Commission and Herbert C. Dejonge.

*Fitzgerald, Peters & English* for defendant Michigan Memorial Park, Inc.

*Frye & Frye* (by *George N. Shampo),* for defendants Roseland Park Cemetery Association, Woodlawn Cemetery Association, Forest Lawn Cemetery Company, and Memorial Gardens Association, Inc.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

V. J. BRENNAN, J. Plaintiff is a broker in burial rights. In the words of the brief for one of the appellees, he "purchases burial rights from individuals who must sell because they cannot make use of the plots for themselves".[1] He resells such burial rights for a profit. He is licensed to engage in such an enterprise as required by statute (MCLA 456.537; MSA 21.820[37]); and, after each such sale, he tenders 15% of the net proceeds to the perpetual care fund of the relevant cemetery, also in compliance with statute (MCLA 456.536; MSA 21.820[36]).

Plaintiff filed suit in the Wayne County Circuit Court challenging the constitutionality of each of these statutes *(supra)* on the ground that they violate the Equal Protection Clauses of the state and Federal Constitutions. Regarding the licensing statute, plaintiff argued that he is denied the equal protection of the laws because he must be licensed while cemetery employees who are engaged in selling burial rights need not be so licensed. We must first observe that cemetery employees are exempt from licensing only if their activity is *"not for additional compensation"* (MCLA 456.537; MSA 21.820[37]).

The right to the equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Sections 1 and 2 of the Michigan Constitution of 1963 are congruent. *Fox v Employment Security Commission,* 379 Mich 579; 153 NW2d 644 (1967). A frequently quoted formulation of the applicable stan-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Would that they would share their secret with us mere mortals.

dard for evaluating statutes challenged on such grounds is found in *Lindsley v Natural Carbonic Gas Co,* 220 US 61, 78–79; 31 S Ct 337, 340; 55 L Ed 369, 377 (1911), as follows:

"The rules by which this contention must be tested, as is shown by repeated decisions of this court, are these: 1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." (Citations omitted.)

See also *Gauthier v Campbell, Wyant & Cannon Foundry Co,* 360 Mich 510, 514; 104 NW2d 182, 183–184 (1960), and *Holland Motor Express, Inc v Michigan Employment Security Commission,* 42 Mich App 19, 25; 201 NW2d 308, 310–311 (1972).

Judging this statute by that standard, we agree with the trial court that the plaintiff failed to meet his burden. We find a rational basis for the statute in that the Legislature may well have concluded that the protection afforded by licensing is necessary only when the salesman stands to make a personal gain on the transaction.

Plaintiff's challenge to the constitutionality of the statutory scheme for funding the perpetual care fund is basically twofold. The first argument

is that in certain circumstances cemeteries may be exempted from making further payments into the fund. He points specifically to MCLA 456.35a; MSA 21.855(1) which authorizes the State Cemetery Commission, upon application of the cemetery, to waive further deposits to the perpetual care fund under certain circumstances. The last sentence of a paragraph of that section provides that if the board makes certain findings of fact, then they "shall grant a waiver of the 15% and $20.00 minimum requirement, *and it shall grant such modifications with respect to contributions to such fund as it deems advisable".* (Emphasis added.) The emphasized portion of the statute clearly authorizes the board to waive payments into the perpetual care fund from private brokers under the appropriate circumstances. Since no cemetery has applied for and received such a waiver, there is no allegation that there has been an unequal application of the waiver provision.

Plaintiff also challenges the validity of the statute because those who are engaged in the sale of a burial right, but not as a full or partial means of livelihood, are exempted from payments into the fund. While that is true, we do not find the classification unreasonable or arbitrary in that it places the burden of contributing to perpetual care funds on those who deal in burial rights for profit.

Affirmed.

All concurred.