SALAS v CLEMENTS

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATE STANDARDS—
FEDERAL STANDARDS.

    The equal protection guaranty of the Michigan Constitution is
    applied under the same standards as the corresponding provi-
    sion of the Federal Constitution (Const 1963, art 1, § 2).

2. CONSTITUTIONAL LAW—STATUTES—INEQUALITY—PRESUMPTIONS.

    State Legislatures are presumed to have acted within their
    constitutional power despite the fact that in practice their laws
    result in some inequality.

3. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION—FUNDAMEN-
TAL RIGHTS—SUSPECT CLASS—STATE INTEREST.

    A statute which neither creates a fundamental right nor invidi-
    ously discriminates against a suspect class does not deny equal
    protection where there is any reasonable relation between the
    statutory classification and a legitimate state interest.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES—DRAMSHOP
ACT—NAME AND RETAIN PROVISION—RATIONAL BASIS—STATE
INTEREST—ARBITRARY CLASSIFICATION.

    Elimination of the common practice whereby a person who has
    caused injuries while intoxicated enters into a settlement with
    the injured party for a token sum and thereafter assists him
    with a suit under the dramshop act, and discouragement of
    collusion and perjury, constitute a rational basis for the enact-
    ment of an amendment to the dramshop act providing that no
    action against a retailer or wholesaler shall be commenced

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 533 *et seq.*
[2] 16 Am Jur 2d, Constitutional Law §§ 137–143.
[3] 16 Am Jur 2d, Constitutional Law §§ 489, 491.
[4, 5, 8] 45 Am Jur 2d, Intoxicating Liquor §§ 593–607.
[6] 16 Am Jur 2d, Constitutional Law §§ 533–539.
[7] 16 Am Jur 2d, Constitutional Law § 425.
    Character of defenses that may be cut off by retrospective legisla-
    tion. 113 ALR 768.
[9] 16 Am Jur 2d, Constitutional Law § 424.

unless the alleged intoxicated person is named and retained as a defendant; the distinction arising as a practical result of the implementation of this amendment between plaintiffs who know the identity of the intoxicated person and those who do not is reasonably related to a state interest; therefore, the statutory amendment does not create an arbitrary classification in violation of the equal protection guaranty (MCLA 436.22).

5. Intoxicating Liquors—Statutes—Dramshop Act—Name and Retain Provision—Procedure—Discrimination.

The name and retain provision of the dramshop act is procedural in nature, applies to every person who seeks to bring an action under the act, and does not discriminate against any particular class or group of people (MCLA 436.22).

6. Constitutional Law—Equal Protection—Procedure—Legal Proceedings.

Equal protection of the law is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected where the course would also be applied to any other person in the state under similar circumstances and conditions.

7. Statutes—Defenses—Rights—Vested Rights—Deprivation of Rights.

A statutory defense or a statutory right, though a valuable right, is not a vested right and the holder may be deprived of it by the Legislature.

8. Constitutional Law—Equal Protection—Statutes—Dramshop Act—Name and Retain Provision—Statutes.

The name and retain provision of the dramshop act imposes a reasonable procedural restriction upon a statutorily created right and therefore does not deny equal protection of the law (MCLA 436.22).

9. Statutes—Right of Action—Torts—Property—Deprivation of Rights.

A right of action for a tort yet to happen is not property and may be abrogated by the Legislature.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 November 12, 1974, at Detroit. (Docket No. 17779.) Decided January 7, 1975. Leave to appeal applied for.

Complaint by Rafael Salas, Jr., and Gilbert Garza against Mary E. Clements, doing business as the Memory Club Bar, for damages under the dramshop act and for failure to maintain safe premises. Summary judgment of dismissal for defendant as to the claim under the dramshop act. Plaintiffs appeal. Affirmed.

*Lopatin, Miller, Bindes & Freeman (Michael H. Feiler,* of counsel), for plaintiffs.

*Baun & Van Tiem,* for defendant.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

DANHOF, J. Plaintiffs filed suit against the defendant tavern owner seeking to recover under the dramshop act MCLA 436.22; MSA 18.993, and also for violation of the common-law duty to maintain safe premises for business invitees. Defendant's motion for a summary judgment of dismissal as to that part of the complaint brought under the act was granted. Plaintiffs appeal, and we affirm.

During the early morning hours of November 23, 1973, plaintiffs were assaulted and injured by an unknown person while in defendant's tavern. Plaintiffs allege that this person was intoxicated at the time of the attack, and that while he was in this condition, he was served intoxicating liquor. Because plaintiffs were unable to ascertain the identity of this person, he was not named a defendant in this action as required by a provision of 1972 PA 196 amending the dramshop act. Consequently, the trial court granted the defendant's

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

motion for failure of the plaintiffs to comply with this statutory requirement.

The dramshop act was amended by 1972 PA 196 effective June 29, 1972 to provide in part:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

Plaintiffs argue that this "name and retain" amendment is unconstitutional as a violation of both the equal protection and due process provisions of the Michigan and Federal constitutions. Their equal protection argument is premised upon the assertion that the statute as amended arbitrarily creates two classes of injured persons, and then distinguishes unreasonably between them. According to this theory, impermissible discrimination results because an injured plaintiff who knows the identity of the intoxicated person can bring an action under the act, while an injured plaintiff who does not have this information cannot bring such an action. Plaintiffs contend that the creation of these classifications by the practical application of the amended statute runs contrary to the purpose of the act and imposes a capricious distinction which denies equal protection of the law.

The equal protection guaranty of the Michigan Constitution, Const 1963, art 1, § 2, is applied under the same standards as the corresponding provision of the Federal Constitution. *Fox v Employment Security Commission,* 379 Mich 579; 153 NW2d 644 (1967). The Legislature is permitted a wide range of discretion to enact laws treating some individuals differently than others. A state-

ment of the applicable standard appears in *McGowan v Maryland,* 366 US 420, 425–426; 81 S Ct 1101; 6 L Ed 2d 393 (1961), and has been adopted in *Wolodzko v Wayne Circuit Judge,* 382 Mich 528, 533–534; 170 NW2d 9 (1969), *Busha v Department of State Highways,* 51 Mich App 397, 400; 215 NW2d 567 (1974), and in *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973):

"The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

When challenging a statute on the ground that it denies equal protection, a very heavy burden of proof must be met. Where the allegedly infirm law neither creates a fundamental right nor invidiously discriminates against a suspect class, the law will be sustained if any rational basis for the distinction can be found. *Busha v Department of State Highways, supra.* Having discovered a rational basis, the wisdom of the classification will not be questioned by the courts. *Pusquilian v Cedar Point, Inc,* 41 Mich App 399; 200 NW2d 489 (1972), *lv den* 388 Mich 776 (1972). Rather, every reasonable presumption in favor of the validity of the statute will be indulged. *Holland Motor Express, Inc v Michigan Employment Security Commission,* 42 Mich App 19; 201 NW2d 308 (1972). Thus, if there is any reasonable relation between the classification and a legitimate state interest, no denial of equal protection will be found. *Busha v Department of State Highways, supra; Dymmel v*

*State Cemetery Commission,* 49 Mich App 419; 212 NW2d 237 (1973), *lv den* 391 Mich 760 (1974).

The "name and retain" provision will, to some extent, reduce tavern-owner liability by restricting recourse to the dramshop act. The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provision will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act which has now been recognized by the Legislature and corrected through this amendment.

These considerations constitute a rational basis for the enactment of the "name and retain" portion of the amendment. The distinction that arises as a practical consequence of the implementation of the "name and retain" provision is reasonably related to legitimate state interests. Therefore, that part of the amended act does not create an arbitrary classification in violation of the equal protection guarantees.

The challenged section of the act can also be sustained on other grounds. The "name and retain" feature imposes a requirement on those who use the act which is procedural in nature. See *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974). This procedural requirement applies to each and every person who seeks to bring an action under the dramshop act; it does not discriminate against any particular class or group of people. "It is a general rule that equal protection of the law is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if

such a course would also be applied to any other person in the state under similar circumstances and conditions." *Wood v County of Jackson,* 463 SW2d 834, 835 (Mo, 1971), as quoted in *Busha v Department of State Highways, supra,* 51 Mich App 400–401, and in *Kriger v South Oakland County Mutual Aid Pact, supra,* 49 Mich App 12. See also *Snow v Freeman,* 55 Mich App 84, 86; 222 NW2d 43 (1974).

Furthermore, the dramshop act creates a statutory cause of action unknown to the common law. *Behnke v Pierson,* 21 Mich App 219; 175 NW2d 303 (1970), *lv den* 384 Mich 757 (1970). *LeGault v Klebba,* 7 Mich App 640; 152 NW2d 712 (1967). Where the Legislature has acted to create a right, it can also act to impose restrictions upon the exercise of that right. "It is the general rule that that which the Legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti v Fosterling,* 357 Mich 578, 589; 99 NW2d 490 (1959).

In *Gray v Blackman,* 30 Mich App 212, 213–214; 186 NW2d 76 (1971), the two-year limitation provision of the dramshop act came under constitutional attack. This Court upheld the provision, observing that: "The civil cause of action created by the act is an exclusive remedy in derogation of the common law. * * * Since the statute creates a right of action, the limitation period therein contained is to be construed as a limitation on the right itself." (citations omitted). Exclusion of some claims under a statute creating a right of action not found in the common law does not deny equal protection where the distinction is reasonable. See *Thomas v Parker Rust Proof Co,* 284 Mich 260;

279 NW 504 (1938). In the present case, the "name and retain" provision imposes upon a statutorily created right a procedural restriction which is reasonable, and therefore which does not deny equal protection of the laws.

Plaintiffs raise as a secondary issue the contention that the "name and retain" provision denies them due process because it deprives them of "a vested right of action". This contention cannot be supported by either the facts or the law. This amendment to the dramshop act became effective on June 29, 1972. The injuries complained of here were sustained on November 23, 1972. Plaintiffs' right of action did not accrue until after the amendment took effect. Plaintiffs were not deprived of a vested right and they were not denied due process. "A right of action for a tort to happen in the future is not property, and may be abrogated by the legislature." *Naudzius v Lahr,* 253 Mich 216, 221; 234 NW 581 (1931). *Miller v Huizinga,* 23 Mich App 363, 367; 178 NW2d 542 (1970). See also *Snow v Freeman, supra,* 55 Mich App 87.

As discussed previously, the "name and retain" provision is a procedural requirement which must be met in order to exercise the statutorily created right. "No vested right can exist to keep statutory procedural law unchanged and free from amendment." *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 485; 124 NW2d 286 (1963).

The plaintiffs have failed to sustain the burden of proving that the "name and retain" amendment is unconstitutional or is either a violation of due process or a denial of equal protection of the law.

Affirmed. No costs, a public question being involved.

All concurred.