WAHL v BROTHERS

LEONARD v BROTHERS

1. LIMITATION OF ACTIONS—MINORS—INTOXICATING LIQUORS—DRAM-
   SHOP ACT.

   The savings provisions of the general statute of limitations which
   extend the time for suit brought by persons who were minors
   at the time of the injury do not pertain to actions under the
   dramshop act (MCLA 436.22, 600.5851[1]).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—RATIONAL BASIS.

   No denial of equal protection will be found if any reasonable
   relation exists between a statutory classification and a legiti-
   mate state interest where the challenged law creates no funda-
   mental rights (US Const Am XIV, § 1; Const 1963, art 1, § 2).

3. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION.

   Legislatures are presumed to have acted within their constitu-
   tional power despite the fact that their laws result in some
   inequality; a statutory discrimination will not be set aside if
   any state of facts reasonably may be conceived to justify it.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES—STATUTORY
   CLASSIFICATION—REASONABLE BASIS.

   Plaintiffs challenging a statutory classification on equal protec-
   tion grounds have the heavy burden of showing that the
   classification has no reasonable basis.

5. INTOXICATING LIQUORS—DRAMSHOP ACT—STATUTE OF LIMITATIONS
   —MINORS—EQUAL PROTECTION.

   A two-year limitation period of the dramshop act imposes a

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6, 8] 45 Am Jur 2d, Intoxicating Liquors § 589.
   What statute of limitations applies to action under dramshop or
   civil damage act. 55 ALR2d 1286.
[2–4, 6, 7] 16 Am Jur 2d, Constitutional Law §§ 414 *et seq.*, 485, 488,
   490.
[3] 16 Am Jur 2d, Constitutional Law §§ 142, 143, 168.
[4] 16 Am Jur 2d, Constitutional Law § 172.

procedural requirement which applies to each and every person who seeks to bring an action under the act and does not violate the equal protection rights of plaintiffs who were minors at the time of their injury even though no savings provisions are made for minors to bring an action after reaching majority as exists in the general statute of limitations (MCLA 436.22, 600.5851[1]).

6. INTOXICATING LIQUORS—DRAMSHOP ACT—STATUTE OF LIMITATIONS —EQUAL PROTECTION.

The dramshop act creates a statutory cause of action unknown to the common law and since dramshop liability is an entirely statutory creation which imposes strict and vicarious liability on tavern owners, it is reasonable for the Legislature to confine this liability by a definite time limitation for the institution of all suits, therefore, the two-year statutory limitation of claims does not deny equal protection to plaintiffs who were minors at the time of their injury.

7. STATUTES—LEGISLATURE—STATUTORY RIGHT—RESTRICTIONS ON RIGHT.

A statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it; and where the Legislature has acted to create a right, it may also act to impose restrictions on the exercise of that right.

8. LIMITATION OF ACTIONS—INTOXICATING LIQUORS—DRAMSHOP ACT— STATUTE OF LIMITATIONS—DUE PROCESS.

The absence of savings provisions with regard to minors in the dramshop act does not deny plaintiffs who were minors at the time of their injury due process of law since the two-year limitation provision contained in the act applies to each and every person who seeks recovery under the act and gave the plaintiffs reasonable access to the courts and ample time to make their claims (MCLA 436.22).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 January 14, 1975, at Lansing. (Docket Nos. 20185, 20186.) Decided March 25, 1975. Leave to appeal granted, 394 Mich 797.

Complaints by Maurice D. Wahl and Dennis R. Leonard against James K. Brothers, doing business as The Boat, for damages for injuries resulting

from an automobile accident. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

*Weinstein, Kroll & Gordon, P. C.,* and *Anthony D. Rosati,* for plaintiffs.

*Ulanoff, Ross & Summer, P. C.,* for defendant.

Before: T. M. BURNS, P. J., and D. E. HOLBROOK and M. J. KELLY, JJ.

T. M. BURNS, P. J. On July 29, 1969, plaintiffs[1] were passengers in a vehicle traveling on Ortonville Road in Brandon Township. Plaintiffs' vehicle was struck by another vehicle as the latter was exiting from the parking lot of defendant's tavern. As a result of the accident, both plaintiffs suffered considerable injury. On January 27, 1972, almost 2-1/2 years after the collision, plaintiffs instituted this action against the defendant under the dramshop act. MCLA 436.22; MSA 18.993.

On March 29, 1972, defendant filed a motion for accelerated judgment on the ground that the action was barred by the two-year period of limitation contained in the dramshop act. Following oral argument, the trial court denied defendant's motion without prejudice. Defendant later refiled the same motion, and on April 10, 1974, the trial court granted the motion for accelerated judgment. An order of accelerated judgment was entered on April 18, 1974. Plaintiffs appeal as of right from this order.

In *Holland v Eaton,* 373 Mich 34; 127 NW2d 892 (1964), the Michigan Supreme Court held that the savings provision of the general statute of limita-

---

[1] On the day of the accident, plaintiff Wahl was 18 years of age and plaintiff Leonard was 17 years of age. The age of majority act, 1971 PA 79; MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.,* became law effective January 1, 1972, some 2-1/2 years after the accident and almost one month prior to the institution of the present suit.

tions[2] does not pertain to actions under the dramshop act. In holding that there was no provision extending the time for suit by minors in dramshop actions, the Court did not pass upon the question of the constitutionality of this limitation period as applied to minors. This question is now before us.

Plaintiffs argue that the two-year limitation period in the dramshop act is unconstitutional as a violation of both equal protection and due process provisions of the Michigan and Federal Constitutions. It is plaintiffs' position that unless the savings provisions of the general statute are applicable, the limitation period in the dramshop act is constitutionally infirm. Their equal protection argument is based on the assertion that the statute arbitrarily creates, as to minors, two classes of tortfeasors,[3] and then distinguishes unreasonably between them. According to this theory, impermissible discrimination exists because a tavern-owner's exposure to liability for a minor's cause of action is limited to two years under the act, whereas any other tortfeasor's exposure continues until the minor reaches the age of majority plus one year. Plaintiffs claim that there is no legitimate state interest served by this preferential treatment and that the creation of this arbitrary and unreasonable classification violates the Supreme Court's recent decision in *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972).

The equal protection guaranty of the Michigan Constitution[4] is applied under the same standards

---

[2] Formerly MCLA 609.13–609.29; MSA 27.605–27.621; see now MCLA 600.5851(1); MSA 27A.5851(1).

[3] A parallel argument raised by plaintiffs is that the classifications for tort victims who are minors into those injured by ordinary negligence and those injured as a result of dramshop violations is arbitrary.

[4] Const 1963, art 1, § 2.

as the corresponding provision of the Federal Constitution.[5] *Fox v Employment Security Commission,* 379 Mich 579; 153 NW2d 644 (1967). State legislatures have a wide range of discretion in establishing classifications in the exercise of their powers to regulate. *Fox, supra,* p 588. The "rational basis" test applies when the law allegedly infringing equal protection creates no fundamental rights. Plaintiffs' claim falls within this class and, therefore, if any reasonable relation exists between the classification and a legitimate state interest, no denial of equal protection will be found. *Wilkins v Ann Arbor City Clerk,* 385 Mich 670, 679–680; 189 NW2d 423, 427 (1971). As this Court stated in *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 12; 211 NW2d 228, 231 (1973):

" 'Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v Maryland,* 366 US 420; 81 S Ct 1101; 6 L Ed 2d 393 (1961)."

A party challenging a statutory classification on equal protection grounds has the heavy burden of showing that the classification has no reasonable basis. *Wilkins v Ann Arbor City Clerk, supra.* We think that the following rule adopted by the *Kri-*

---

[5] US Const, Am XIV, § 1.

*ger* Court from *Wood v Jackson County,* 463 SW2d 834, 835 (Mo, 1971), is applicable:

" 'It is a general rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such a course would also be applied to any other person in the state under similar circumstances and conditions. Equal protection of the laws of a state is extended to persons within its jurisdiction, within the meaning of the Fourteenth Amendment to the Federal Constitution, when its courts are open to them on the same condition as to others in like circumstances, with like rules of evidence and modes of procedure, for the security of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts.' 16 Am Jur 2d, Constitutional Law, § 533, p 923."

Plaintiffs have failed to sustain their heavy burden of showing that the two-year limitation period found in MCLA 436.22; MSA 18.993, denies equal protection of the laws. The provision imposes a requirement on those who use the act which is procedural in nature. See *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974). This procedural requirement applies to each and every person who seeks to bring an action under the dramshop act. As such, it does not discriminate against any particular class or group of people. In *Reich v State Highway Department, supra,* the Supreme Court held the 60-day notice provision of MCLA 691.1404; MSA 3.996(104), unconstitutional since it sought to split the natural class of tortfeasors into private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed. That notice provision was held to be a special statute of limitation which arbitrarily barred the actions of governmental

negligence victims after only 60 days. Although there is language in *Reich* supportive of plaintiffs' position, that decision cannot be properly extended to the full limitation period as plaintiffs request. Restrictive notice requirements are considerably different than a requirement that a case be brought within two years. This argument is more properly directed to the Supreme Court.[6]

The challenged section of the act can also be sustained on other grounds. The dramshop act creates a statutory cause of action unknown to the common law. *Koehler v DRT Sportservice, Inc, supra, Behnke v Pierson,* 21 Mich App 219; 175 NW2d 303 (1970), *LeGault v Klebba,* 7 Mich App 640; 152 NW2d 712 (1967). Since dramshop liability is an entirely statutory creation which imposes strict and vicarious liability on tavern owners it was reasonable for the Legislature to confine this liability via a definite time limitation for the institution of all suits. The pervasiveness of the remedy under the dramshop act and the stringent treatment to which the tavern owner is subjected dictates a limitation period which requires all potential plaintiffs to file claims within two years. Equal treatment of all potential plaintiffs allows for the legislation to strike a balance between the rights of potential plaintiffs and those of tavern owners. Statutes of limitations give the opposing party a fair opportunity to defend, relieve the judiciary of stale claims, and protect defendants from protracted fear of litigation. *Bigelow v Walraven,* 392 Mich 566; 221 NW2d 328 (1974). These considerations constitute a rational basis for the enactment of the limitation provision of the statute.

Furthermore, where the Legislature has acted to

---

[6] *See generally, Busha v Department of State Highways,* 51 Mich App 397, 401; 215 NW2d 567 (1974).

create a right, it may also act to impose restrictions on the exercise of that right.

"It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti v Fosterling,* 357 Mich 578, 589; 99 NW2d 490 (1959).

In *Gray v Blackman,* 30 Mich App 212, 213–214; 186 NW2d 76 (1971), the two-year limitation provision of the dramshop act came under constitutional attack. In upholding the provision, this Court stated that:

"The civil cause of action created by the act is an exclusive remedy in derogation of the common law. * * * Since the statute creates a right of action, the limitation period therein contained is to be construed as a limitation on the right itself." (Citations omitted.)

The exclusion of some claims under a statute which creates a cause of action not found in the common law does not deny equal protection where the distinction is reasonable. See *Thomas v Parker Rust Proof Co,* 284 Mich 260; 279 NW 504 (1938). In the case at bar, the two-year limitation provision imposes upon a statutorily created right a procedural restriction which is reasonable and which therefore does not deny equal protection of the laws. For a similar application of many of the authorities heretofore cited see the discussion in *Salas v Clements,* 57 Mich App 367; 226 NW2d 101 (1975), in which the Court upheld the constitutionality of the "name and retain" amendment to the dramshop act, 1972 PA 196.

Plaintiffs raise a secondary issue, the claim that

the absence of a minority savings provision in the dramshop act denies them due process of law. We disagree. In *Dyke v Richard,* 390 Mich 739, 746; 213 NW2d 185 (1973), our Supreme Court stated:

"Justice COOLEY described our responsibility in dealing with such statutes of limitation in *Price v Hopkins,* 13 Mich 318, 324 (1865):

" 'The general power of the legislature to pass statutes of limitation is not doubted. The time that these statutes shall allow for bringing suits is to be fixed by the legislative judgment, and where the legislature has fairly exercised its discretion, no court is at liberty to review its action, and to annul the law, because in their opinion the legislative power has been unwisely exercised. But the legislative authority is not so entirely unlimited that, under the name of a statute limiting the time within which a party shall resort to his legal remedy, all remedy whatsoever may be taken away. * * * *It is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought* [citations omitted] and a statute that fails to do this cannot possibly be sustained as a law of limitations, but would be a palpable violation of the constitutional provision that no person shall be deprived of property without due process of law.' " (Emphasis added.)

The two-year limitation provision in the dramshop act affords a reasonable time within which suit may be brought. Plaintiffs have not convinced us otherwise, nor have they shown that the two-year limitation period has restricted their access to the courts in any way. The limitation period applies to each and every person who seeks recovery under the act. Since plaintiffs had reasonable access to the courts and ample time to make their claim, they were not denied due process.

Plaintiffs had two years from the occurrence of the accident in which to file a claim and com-

mence an action against the defendant. Their failure to act within the statutory period forecloses their right of action. *Yarger v City of Hastings,* 375 Mich 413; 134 NW2d 726 (1965), *Busha v Department of State Highways,* 51 Mich App 397, 402; 215 NW2d 567 (1974).

Plaintiffs have failed to sustain their burden of proving that the two-year limitation period in the dramshop act is unconstitutional or is either a violation of due process or a denial of equal protection of the law.

Affirmed, no costs, a public question being involved.