Richard S. Heller, J.
On January 23, 1957, at 6:30 a.m., a driver employed by the claimant was driving north on Route No. 12, a State highway, in an International tractor owned by the claimant. At a point about two miles north of the City of Sherburne, New York, and at a point adjacent to property owned by Clinton Sabin, a large limb fell across the highway striking the tractor and causing the damages alleged in the claim.
The morning was dark and windy but there is no evidence that the storm was unusual or unprecedented.
In front of Sabin’s house were five large maple trees. One half of the tree that struck claimant’s automobile had fallen in a windstorm in 1952 and the debris had been removed by the State Department of Public Works. There is no serious con *822 tention that the trees were not within the State’s right of way and the court so finds.
The tree that fell, along with others on Sabin’s property, had been marked for removal some years prior to this accident. This does not necessarily mean they were in such condition as to warrant immediate removal but does indicate that the- State knew they were potentially dangerous and a likely hazard to the users of the highway.
In 1955 Sabin became concerned over the condition of the trees and his possible liability if they should fall and requested a foreman of the Department of Public "Works to establish whether or not the trees were located within the right of way.
The one-half tree that fell was located 15 to 20 feet west of the highway and its estimated height was given as 60 to 65 feet. There was evidence that the heart of the tree contained rot although the one half that survived the 1952 storm appeared to be alive at the time it fell.
The condition of the base of the tree, together with the misshapen form, existed for a sufficient length of time to give the State adequate notice of the possible results if left standing or in a state of disrepair. The State’s failure to remove or repair a dangerous tree is negligence and here that failure was the sole proximate cause of the accident alleged in the claim. (Tagg v. City of Lockport, 228 App. Div. 319, affd. 254 N. Y. 582; Edgett v. State of New York, 11 Misc 2d 506, affd. 7 A D 2d 570.)
Damages included $228.10 for truck rental during the period the damaged tractor was out of commission, and proof that the tractor was worth $2,000 before the accident and $1,500 after the accident — also offered was an estimate of repairs in the sum of $625.80.
Claimant has been damaged in the sum of $728.10 and is entitled to an award in that amount.
This claim was duly filed and has not been assigned.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)