MILLER v OAKLAND COUNTY ROAD COMMISSION

·1. COUNTIES—HIGHWAYS—DEFECTS—OBSTRUCTIONS—ROAD COMMIS-
SIONS—STATUTES.

County road commissions are statutorily liable not only for
defects in the improved portions of highways and streets de-
signed for vehicular travel but also for failure to remove
obstructions on the highway after receiving notice of them
(MCLA 691.1402).

2. COUNTIES—HIGHWAYS—OBSTRUCTIONS—ROAD COMMISSIONS—NO-
TICE.

Allegations that defendant road commission had actual knowl-
edge of the potential danger from dead trees falling on the
improved portion of a certain road designed for vehicular traffic
because defendant had received complaints from area residents
about potential hazards, that defendant, despite this notice,
failed to keep the road reasonably safe and fit for travel by
failing to remove potential tree hazards from the roadside, that
as a result of defendant's negligence a large dead elm tree by
the side of the road fell onto plaintiff's truck as she was driving
by, and that the point of impact between tree and truck
occurred on the highway, were sufficient to state a cause of
action under the statute providing for the road commission's
liability and effectively waiving sovereign immunity, and in
negligence irrespective of the application of the statute; there-
fore, summary judgment for defendant was improper whether
or not the defendant enjoyed sovereign immunity (MCLA
691.1402).

## Appeal from Oakland, James S. Thorburn, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 412.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 168, 279, 300,
460.
   Liability for injury due to condition of trees in or overhanging
   highway, 19 ALR 1026 s. 49 ALR 840.
   Liability of municipality for damage caused by fall of tree or limb,
   14 ALR2d 186.

Submitted Division 2 June 19, 1972, at Lansing.
(Docket No. 11834.) Decided September 28, 1972.

Complaint by Laura Miller against Oakland
County and the Oakland County Road Commission
for negligence. Summary judgment for defendants.
Plaintiff appeals. Reversed and remanded.

*Odin H. Johnson,* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff &
White* (by *Robert G. Waddell),* for defendants.

Before: FITZGERALD, P. J., and QUINN and DAN-
HOF, JJ.

PER CURIAM. Plaintiff Laura Miller appeals from
a summary judgment entered against her dismiss-
ing her complaint against Oakland County and the
Oakland County Road Commission for failure to
state a cause of action.

In plaintiff's amended complaint, she alleged (1)
that she was driving on Andersonville Road when
a large dead elm tree blew onto the truck she was
driving on the road, (2) that the road commission
was charged with maintaining the safety of this
road, including keeping it free from falling trees,
(3) that the road commission was warned that
falling trees in the area made driving hazardous
on Andersonville Road, (4) that the road commis-
sion was negligent in not removing potentially
dangerous falling trees from the area, and (5) that,
as a result of the negligence of the road commis-
sion, plaintiff was seriously injured by the falling
tree.

Defendant moved for summary judgment on two
grounds: (1) that plaintiff failed to state a claim
upon which relief could be granted, inasmuch as

MCLA 691.1402; MSA 3.996(102) limits governmental liability for highway accidents when the defect arises on the traveled portion of the roadway; and (2) absent such statutory liability, the governmental agency is protected by sovereign immunity. Plaintiff opposed the defendant's motion for summary judgment and argued that the point of impact between the falling tree and the truck was on the traveled portion of the highway. The trial court granted defendant's summary judgment and subsequently denied plaintiff's motion for rehearing. This appeal followed.

We first deal with the question of whether or not MCLA 691.1402; MSA 3.996(102) imposes liability upon the county road commission for failure to keep a highway under its jurisdiction " * * * in condition reasonably safe and fit for travel * * * " and for failure to remove known hazards from the side of the road which known hazard caused injury to plaintiff by falling on " * * * the improved portion of the highway designed for vehicular travel" and upon plaintiff as she was driving on the road.

MCLA 691.1402; MSA 3.996(102) provides for the statutory liability of governmental agencies for highway defects in the following words:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction * * * in condition reasonably safe and fit for travel may recover the damages suffered by him from such governmental agency. * * * The duty of * * * the county road commissions to * * * maintain* highways, and the liability therefor, shall extend only to the improved portion of the highway designed for

vehicular travel and shall not include sidewalks, cross-walks or any other installation outside of the improved portion of the highway designed for vehicular travel." (Emphasis added.)

The statute clearly requires the county road commission to maintain the highway " * * * in condition reasonably safe and fit for travel * * * " with the only limitation that the liability " * * * shall extend only to the improved portion of the highway designed for vehicular travel * * * ".

As pointed out by Justice SOURIS in *Kowalczyk v Bailey,* 379 Mich 568, 571, 572 (1967), the statute, *supra,* refers to liability not only for defects in the highways and the streets, but also for failure to remove obstructions on the highway which caused injury to motorists on the highway:

"This act was open to two constructions—one, that it imposed upon municipalities an obligation to use diligence to keep their highways and streets in a condition reasonably safe and fit for public travel; and the other, that it imposed upon municipalities only the obligation to use due diligence to keep their highways and streets in good repair. Under the first construction, there would be an obligation on the part of a municipality to remove obstructions within a reasonable time after it had knowledge or notice of their existence. Under the second construction, there would be no such obligation. In the case of *Joslyn v City of Detroit,* 74 Mich 458 [1889], this Court deliberately adopted the first construction.

* * *

"*It is our conclusion, therefore, that that statute imposed upon cities liability for injuries caused by their negligent failure to remove obstructions in their streets after notice thereof.*" (Emphasis added.)

In the case at bar, defendant county road commission would clearly be liable under the principle

of *Kowalczyk v Bailey, supra,* if the tree first fell on the street as an obstruction and then plaintiff driver drove into it and was injured. Defendant argues, however, that because the tree fell on top of plaintiff's truck, the defendant is somehow immunized from liability under the statute because the tree was not yet on the highway. This argument exalts words over logic.

MCLA 691.1403; MSA 3.996(103) provides that a governmental agency either knew or should have known about the road hazard before it can be liable under MCLA 691.1402; MSA 3.996(102). Plaintiff specifically alleged in her amended complaint that the defendant had actual knowledge of the potential danger from falling trees because of complaints defendant received from area residents about potential hazards. Given this knowledge of the potential road hazards, the defendant failed to keep " * * * in condition reasonably safe and fit for travel * * * " the road on which plaintiff was driving by failing to remove potential hazards from the side of the road. Furthermore, inasmuch as the tree fell onto the highway and the point of impact between tree and truck occurred on the highway, defendant's liability was incurred on " * * * the improved portion of the highway designed for vehicular traffic * * * ". Defendants emphasize the fact that plaintiff's amended complaint did not pinpoint the location of the tree prior to its fall. The legal relevance of this omission is ephemeral. Plaintiff alleged that the tree was alongside Andersonville Road, that defendants were advised that it constituted a potential hazard, and that the tree ultimately fell on plaintiff and her truck as she was traveling on Andersonville Road. These facts are sufficient to allege a cause of action in negligence.

Given the principle enunciated in *Kowalczyk v Bailey, supra,* that a road commission is liable not only for defects in the highway, but also for obstructions on the highway, this Court holds that the plaintiff's amended complaint stated a cause of action under MCLA 691.1402; MSA 3.996(102) and it was error to grant defendant's motion for summary judgment.

We next consider whether or not the road commission could be liable for injury under principles of ordinary negligence law irrespective of the application of MCLA 691.1402; MSA 3.996(102) inasmuch as the road commission no longer enjoys sovereign immunity because of *Maki v East Tawas, infra.*

In *Maki v East Tawas,* 385 Mich 151 (1971), the Michigan Supreme Court declared unconstitutional MCLA 691.1407; MSA 3.996(107) which provided for statutory sovereign immunity for tort liability for a governmental agency. In practical effect, this eliminates almost entirely the affirmative defense of sovereign immunity from political subdivisions of the state. See *Geftos v Lincoln Park,* 39 Mich App 644 (1972), where this Court held that a city could be liable in trespass for demolishing a private home where statutory procedures providing for such demolition were not complied with. Absent such sovereign immunity of political subdivisions of the state, the Oakland County Road Commission can be held liable under ordinary principles of negligence law even absent application of statutory liability of MCLA 691.1402; MSA 3.996(102). See *Fox v Nassau,* 266 App Div 1058; 44 NYS2d 906 (1943); *Abelove's Linen Supply, Inc, v State of New York,* 20 Misc 2d 821; 196 NYS2d 814 (1960); *Taylor v Cincinnati,* 143 Ohio St 426; 55 NE2d 724 (1944).

Consequently, this Court holds that plaintiff's

amended complaint stated a cause of action in negligence irrespective of the application of MCLA 691.1402; MSA 3.996(102) in view of the fact that defendants no longer enjoy sovereign immunity, given the decision in *Maki v East Tawas, supra.*

In regard to the affirmative defense of sovereign immunity, it is noted that after the Court of Appeals decision in *Maki v East Tawas, supra,* and before the Michigan Supreme Court affirmance of that decision, the Legislature amended the sovereign immunity statute in order to rectify the error pointed out by the Court of Appeals decision. The amended statute, MCLA 691.1407; MSA 3.996(107), was effective August 1, 1970.

In the case at bar, the injury occurred on May 1, 1970, prior to the effective date of the amended statute and at a time when the political subdivision did not enjoy sovereign immunity. The original complaint, however, was filed on August 20, 1970, which is 19 days after the effective date of the amended statute. A question is, therefore, presented as to whether or not the defendant enjoys sovereign immunity in the instant case even though the date of the accident occurred at a time when defendant was not enjoying sovereign immunity. No resolution need be reached on this issue inasmuch as it appears that plaintiff's complaint stated a cause of action against defendant under MCLA 691.1402; MSA 3.996(102) which effectively waives the defense of sovereign immunity.

Reversed and remanded. Costs to abide outcome.