Benjamin GRAY, Plaintiff-Appellant,

v.

Edward D. NELSON and Joyce Blackburn, Defendants-Counter Plaintiffs,

and

The Board of County Road Commissioners of the County of Livingston, Defendant-Counter Defendant-Appellee.

Martha Tibbs GRAY, Plaintiff-Appellant,

v.

The BOARD OF COUNTY ROAD COMMISSIONERS OF the COUNTY OF LIVINGSTON, Defendant-Appellee.

Nos. 75–1899, 75–1900.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1976.

Decided April 15, 1976.

Rehearing Denied May 19, 1976.

Morton Leitson, Robert L. Segar, Leitson, Dean, Dean, Segar & Hart, Flint, Mich., Richard L. Lehman, Detroit, Mich., for plaintiffs-appellants.

Jack Neal, Neal, Nelson, Ackerman, Anastor & Rowan, Flint, Mich., George F. Clark, Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch, Detroit, Mich., for Bd. of County Road Com'rs.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal presents the issue of the applicable statute of limitations in two diversity actions for damages filed against the Board of County Commissioners of the County of Livingston, Michigan. The District Court, applying Michigan law, held that both actions are barred by the two year statute of limitations prescribed by M.S.A. § 3.996(111). We affirm.

Appellants Benjamin Gray and Martha Tibbs Gray suffered injuries in an automobile accident which occurred March 24, 1970, on a highway in Livingston County, Michigan. Benjamin Gray brought an action against two individuals involved in the accident, adding the Board of County Road Commissioners of the County of Livingston as a party defendant by means of an amended complaint filed March 7, 1973. Martha Tibbs Gray filed her complaint on March 2, 1973, against the Board of County Road Commissioners as sole defendant. The Board filed motions to strike in each case on the ground that both actions were barred by M.S.A. § 3.996(111) which prescribes a two year statute of limitations for all claims arising under M.S.A. § 3.996(102). District Judge James Harvey dismissed both actions.

Appellants contend that, at the time their causes of action arose, a common law right of action existed against the Board in addition to the statutory cause under § 3.996(102). Such a common law negligence action would be subject to the general three year statute of limitations for personal injury actions, M.S.A. § 27A.5805, rather than the more restrictive two year limitation of § 3.996(111). Appellants assert that this general common law cause of action was in existence from June 25, 1969, when the Michigan Court of Appeals held M.S.A. § 3.996(107) (the general governmental immunity section) unconstitutional, *Maki v. City of East Tawas,* 18 Mich.App. 109, 170 N.W.2d 530 (1969), *aff'd,* 385 Mich. 151, 188 N.W.2d 593 (1971), until August 1, 1970, the effective date of a state statute curing the defect found in *Maki.* No contention is made that *Maki* had any affect upon either § 3.996(102) or § 3.996(111). Rather appellants assert that during suspension of the general immunity portion of the act a separate common law cause of action carrying with it the general three year statute of limitations was available to them. We find no merit in this contention.

Michigan Statute Annotated § 3.996(102) states:

§ **3.996(102)** Highways; safety and fitness for travel; recovery of damages; procedure; prospective operation; payment of judgments.] Sec. 2. Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer.

The applicable limitation period is stated in § 3.996(111):

§ **3.996(111)** Limitations of actions.] Sec. 11. (1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961.

(CL '48, § 691.1411.)

In addressing the question of whether a separate common law cause of action against a governmental body outside of § 3.996(102) exists, the Michigan Court of Appeals has held consistently that the two year limitation of § 3.996(111) rather than the general three year statute applies. *Zimmer v. State Highway Department,* 60 Mich.App. 769, 231 N.W.2d 519 (1975); *Kerkstra v. State Highway Depart.,* 60 Mich.App. 761, 231 N.W.2d 521 (1975); *Stremler v. Dept. of State Hwys.,* 58 Mich. App. 620, 228 N.W.2d 492 (1975); *Busha v. State Highway Dept.,* 51 Mich.App. 397, 215 N.W.2d 567 (1974). The *Busha* case is of particular significance in that the accident occurred on July 14, 1970, within the time period appellants contend that a separate common law cause of action was available. *Busha* states that the two year limitation of § 3.996(111) applies, rather than the general three year limitation.

■ Appellants rely upon *Miller v. Oakland Co. Road Comm.,* 43 Mich.App. 215, 204 N.W.2d 141 (1972). In *Miller* the *primary* issue was whether the facts fell within the bounds of § 3.996(102). The court concluded that it did, then went further to say that even if the factual situation did not fit within § 3.996(102), because no sovereign immunity existed, a County road commission could have been liable under ordinary principles of negligence "even absent application of statutory liability." 43 Mich.App.

at 220, 204 N.W.2d at 144. This dicta dealt with alternative remedies in the event of the nonapplicability of § 3.996(102). In the present case there is no dispute as to the applicability of § 3.996(102). Where there is a conflict between a statute and common law, "the statute must prevail, for the common law may be changed or modified by statute." *People v. Grand Trunk W. R. Co.,* 3 Mich.App. 242, 248, 142 N.W.2d 54, 57 (1966).

We affirm the judgment of the District Court. Costs are taxed against appellants.