TIBOR v DEPARTMENT OF STATE HIGHWAYS

Docket No. 62869. Submitted December 21, 1982, at Detroit.—Decided May 23, 1983.

Antonina Tibor tripped over a protruding spike or the remains of a signpost at a bus stop near the intersection of Gratiot Avenue and Fifteen Mile Road in Macomb County and allegedly suffered serious injuries as a result. Antonina and her husband, John Tibor, filed a negligence action against the Department of State Highways in the Court of Claims, claiming that defendant maintained the trunk line highway (Gratiot Avenue) in a careless, heedless, reckless, and negligent fashion. Defendant moved for summary judgment on the ground that plaintiffs had failed to state a claim upon which relief could be granted. The court, Michael G. Harrison, J., granted defendant's motion for summary judgment, concluding that the area in which plaintiff Antonina Tibor sustained injury was not within the improved portion of the highway designed for vehicular travel and that defendant was therefore not liable under the highway exception to the governmental immunity statute. Plaintiffs appeal. *Held:*

Responsibility for the possible stub of a sign or the protruding spike does not appear to come within the defendant's duty to maintain a highway in a safe manner. The bus stop, both logically and functionally, was designed for pedestrian use. Therefore, the injuries sustained by the plaintiff as a pedestrian were not within the ambit of the statutory abrogation of governmental immunity.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT.

A motion for summary judgment based on the failure to state a claim upon which relief can be granted challenges the legal

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2] 72 Am Jur 2d, States, Territories, and Dependencies § 99.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 344, 349.
Liability and suability, in negligence action, of state highway, toll road, or turnpike authority. 62 ALR2d 1222.

sufficiency of the complaint and is to be tested on the pleadings alone; accepting all well-pled allegations as true, it must be determined whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

Generally, all governmental agencies are immune from tort liability while engaged in the exercise or discharge of a governmental function except as provided to the contrary by statute (MCL 691.1407; MSA 3.996[107]).

3. HIGHWAYS — GOVERNMENTAL IMMUNITY — BUS STOP.

The Department of State Highways is not liable under the highways exception to the governmental immunity statute for injuries suffered by a woman who tripped over a stub of a signpost or a protruding spike at a bus stop on a state trunk line highway; the bus stop was designed for pedestrian use, therefore the injuries sustained by the woman as a pedestrian did not come within the ambit of the statutory abrogation of governmental immunity (MCL 691.1402, 691.1407; MSA 3.996[102], 3.996[107]).

*LaBarge, Dinning, Lyons & Greve, P.C.* (by *Joseph F. Boedeker*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Thomas J. Killeen, Jr.,* Assistants Attorney General, for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. GRAVES, JR.,* JJ.

PER CURIAM. Plaintiffs filed suit in the Court of Claims against the defendant to recover for injuries plaintiff Antonina Tibor sustained when she tripped over a protruding spike or the remains of a signpost at a bus stop located near the intersection of Gratiot Avenue and Fifteen Mile Road in Macomb County. Plaintiffs claimed that the defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant maintained the trunk line highway (Gratiot Avenue or M-3) in a "careless, heedless, reckless and negligent fashion". Defendant moved for summary judgment pursuant to GCR 1963, 117.2(1), and on February 10, 1982, defendant's motion was granted. Plaintiffs appeal as of right.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) tests the legal sufficiency of the claim and must be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true all well pleaded facts in the complaint and to determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Cole v Dow Chemical Co,* 112 Mich App 198; 315 NW2d 565 (1982).

In general, all governmental agencies are immune from tort liability while engaged in the exercise or discharge of a governmental function except as provided to the contrary by statute. MCL 691.1407; MSA 3.996(107). Plaintiffs base their claim on MCL 691.1402; MSA 3.996(102), which abrogates, to a certain extent, governmental immunity for injuries resulting from defective highways.

"Sec. 2. Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended,

being section 224.21 of the Compiled Laws of 1948. *The duty of* the state and the county road commissions *to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.* No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable ·only from restricted funds appropriated to the state highway department or funds provided by its insurer." (Emphasis added.)

We note that since the statute is in derogation of the common law it must be strictly construed. *Johnson v Ontonagon Bd of County Road Comm'rs,* 253 Mich 465, 468; 235 NW 221 (1931). Although the statute is subject to strict construction, both parties acknowledge that appellate decisions have allowed recovery for injuries incurred not within the confines of the paved road but within the vicinity and related to the safety of motor vehicle traffic. Causes of action have survived motions for summary judgment for injuries sustained while on the shoulder of roads, for injuries resulting from defective stop signs, defective signal lights, or defective clear vision areas. See, *e.g., Lynes v St Joseph County Road Comm,* 29 Mich App 51; 185 NW2d 111 (1970); *Johnson v Michigan,* 32 Mich App 37; 188 NW2d 33 (1971), *lv den* 385 Mich 762 (1971); *Bennett v City of Lansing,* 52 Mich App 289; 217 NW2d 54 (1974); *Detroit Bank & Trust Co v Dep't of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974), *lv den* 392 Mich 820 (1974); *Van Liere v State Highway Dep't,* 59 Mich App 133; 229 NW2d 369 (1975); *Cryder-*

*man v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977), *lv den* 402 Mich 867 (1978); *Hall v Dep't of State Highways,* 109 Mich App 592; 311 NW2d 813 (1981). Also, see *O'Hare v Detroit,* 362 Mich 19; 106 NW2d 538 (1960). Recently, in *Salvati v Dep't of State Highways,* 415 Mich 708, 715; 330 NW2d 64 (1982), the Supreme Court observed that:

"A traffic sign, once erected, becomes an integral part of the physical structure of the highway, and thus the duty to maintain a highway in reasonable repair encompasses the maintenance of traffic signs." (Footnote omitted.)

Essentially, anything intimately connected with vehicular travel and making it safe for travel has been held to be within the ambit of the abrogation of governmental immunity. "A highway is the composite of many components: slabs of poured concrete, shoulders, usually of gravel, markings, traffic control signals, speed control signs. These stated are exemplary only and not intended to be decisionally limiting." *Detroit Bank & Trust Co, supra,* p 134.

Nevertheless, in the present case, we reject plaintiffs' argument that the Court of Claims erred by granting summary judgment for the defendant. We find that the Court of Claims correctly concluded that the area in which the plaintiff sustained injury was not within the "improved portion of the highway designed for vehicular travel". The import of the above cited cases seems to be that a government agency should be held responsible for maintaining signs and traffic control devices when these items relate to the safe flow of traffic. However, responsibility for a possible stub of a sign or a protruding spike does not appear to

come within the duty delegated under § 2, the duty to maintain the highway in a safe manner. The bus stop, both logically and functionally, was designed for pedestrian use. The injuries sustained by the plaintiff as a pedestrian in this case were not within the ambit of the statutory abrogation of governmental immunity.

Affirmed.