PROKOP v WAYNE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 94600. Submitted November 18, 1987, at Detroit. Decided January 21, 1988. Leave to appeal applied for.

Lisa Marie Prokop was injured while riding a bicycle when she was struck by a van at an intersection of two public highways. Claiming that her injuries were caused by improper highway maintenance, Prokop brought an action in Wayne Circuit Court against the Wayne County Board of Road Commissioners, which has jurisdiction over one of the highways, and an action in the Court of Claims against the Department of Transportation, which has jurisdiction over the other highway. The actions were consolidated in Wayne Circuit Court, where summary disposition was granted in favor of the board of road commissioners, after the court, Thomas J. Foley, J., ruled that the board of road commissioners had no duty to trim or seek to have a property owner trim a hedge row which had obstructed plaintiff's and the van driver's vision at the intersection. Plaintiff appealed.

The Court of Appeals *held:*

The duty of the state or a county road commission to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel extends only to the improved portion of the highway designed for vehicular travel. In this case, the board of road commissioners' duty to keep its highway in reasonable repair did not extend to the hedge rows inasmuch as they were not part of the improved portion of the highway, being located on private property.

Affirmed.

1. TORTS — GOVERNMENTAL IMMUNITY.

Generally, all governmental agencies are immune from tort liability while engaged in the exercise or discharge of a govern-

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 277-280, 341, 343-350.

Am Jur 2d, States Territories and Dependencies § 99 *et seq.*

Governmental liability for failure to reduce vegetation obscuring view at railroad crossing or at street or highway intersection. 22 ALR4th 624.

mental function except as provided to the contrary by statute (MCL 691.1407; MSA 3.996[107]).

2. HIGHWAYS — GOVERNMENTAL IMMUNITY — HEDGE ROWS — IM-
PROVED PORTION OF HIGHWAY.

The duty of the state or a county road commission to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel extends only to the improved portion of the highway designed for vehicular travel; such duty therefore does not extend to hedge rows that obstruct the vision of motorists on a highway where the hedge rows are located on private property (MCL 691.1402; MSA 3.996[102]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Fox*), for plaintiff.

*Samuel A. Turner,* Corporation Counsel, and *David A. Perkins,* Assistant Corporation Counsel, for defendant.

Before: MACKENZIE, P.J., and DOCTOROFF and P. J. CLULO,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit judge granting defendant road commission's motion for summary disposition, presumably pursuant to MCR 2.116(C)(10). On appeal, we are asked to decide whether the circuit judge erred in ruling that defendant road commission had no duty to trim or to seek to have the property owner trim an obstructing hedge row that was located on private property. We affirm the circuit judge's ruling.

This case arises from a vehicle-bicycle collision that occurred at the "T" intersection of northbound Columbia Street, under the jurisdiction of defendant road commission, and a one-way eastbound service drive to Schoolcraft Road, a state trunk line under the jurisdiction of the Michigan Department of Transportation.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was injured when she was struck by a van as she crossed Columbia Street on her bicycle, proceeding in a westerly direction on the sidewalk adjacent to the service drive. The van had been traveling northbound on Columbia Street, preparing to turn east onto the service drive. Both plaintiff and the driver of the van were unable to see each other due to a six-foot hedge located at the southeast corner of the intersection, adjacent to the sidewalk. The hedge had been placed there by the owners of the corner lot. Despite her obstructed view, plaintiff had proceeded to cross Columbia Street because the traffic signal at the intersection showed green in her direction. As she came to the end of the hedge, she saw the van approaching her but nonetheless coasted onto Columbia Street, on the assumption that the van would stop. However, the van did not slow down, and it struck her. There is evidence that the traffic signal had been malfunctioning for some weeks prior to the accident, continually showing green along the Schoolcraft service drive and red to Columbia Street. However, the van driver insisted in his deposition that the traffic signal was showing him green as he drove through the intersection.

Plaintiff settled with both the driver of the van and the property owner who had allowed the hedge to obscure the vision at the intersection. She then filed an action in Wayne Circuit Court against defendant road commission and in the Michigan Court of Claims against the Department of Transportation. The actions were consolidated in Wayne County with the circuit judge acting as a Court of Claims judge by special assignment. After extensive briefing by both parties, the circuit judge granted defendant road commission's motion for summary disposition, ruling that defendant

had no duty to remove obstructions or to seek the removal of obstructions that were located on private property.

On appeal, plaintiff argues that defendant is responsible for any obstruction that renders a highway defective regardless of whether the obstruction is on the improved portion of the highway or on private property. Defendant, in turn, claims that its duty to maintain Columbia Street in a condition reasonably safe and fit for travel does not extend to removing visual obstructions lying beyond the actual right-of-way of the highway and growing on private property.

In general, all governmental agencies are immune from tort liability while engaged in the exercise or discharge of a governmental function, except as provided by statute. MCL 691.1407; MSA 3.996(107). In the present case, plaintiff based her claim on MCL 691.1402; MSA 3.996(102), which abrogates governmental immunity for injuries arising from defective highways. *Tibor v Dep't of State Highways,* 126 Mich App 159; 337 NW2d 44 (1983). In pertinent part, MCL 691.1402; MSA 3.996(102) states:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to *the improved portion of the highway designed for vehicular travel* and shall not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. [Emphasis supplied.]

According to the plain language of the statute, a

road commission's duty applies only to the "improved portion of the highway designed for vehicular travel." There are a multitude of cases in which this language has been interpreted. Generally speaking, appellate decisions have allowed recovery for injuries that were incurred outside of the strict confines of the paved road provided the injuries occurred within the vicinity and were related to the safety of motor vehicle traffic. Thus, causes of actions have survived motions for summary disposition for injuries sustained while on the shoulders of roads, for injuries resulting from defective stop signs and defective traffic signals. See *Tibor, supra,* and cases cited there. See also *Anderson v Macomb Co Rd Comm,* 143 Mich App 735; 372 NW2d 651 (1985), and cases cited there.

Significantly, in each of the cases in which the liability of the state or of the county road commission was deemed to extend beyond the paved portion of the road, the defect was either alongside or above the roadway, always within the shoulders of the road. There are no cases in which the improved portion of the roadway was deemed to include privately owned property. Thus, for example, in *Moerman v Kalamazoo Co Rd Comm,* 129 Mich App 584, 593; 341 NW2d 829 (1983), this Court suggested that the defendant road commission's duty did not include the obligation to remove a tree that was near the road but off of the shoulder. The trial judge had reached that conclusion as a matter of law. A majority of the panel stated:

> In the present case, we need to determine whether the tree affected the safety of motorists using the shoulder of the road. We are uncertain as to whether decedent's vehicle struck the tree while the vehicle was still completely on the shoulder or whether it collided with the tree only after

one or more of its wheels had left the shoulder. If the tree was positioned such that the average vehicle would have struck the tree without any of the vehicle's wheels leaving the shoulder, the tree would affect the safety of motorists using the shoulder. Under such circumstances, the defendant's duty to keep the road reasonably safe would extend to the maintenance of the tree. The record, however, does not disclose whether those circumstances existed in this case. Consequently, we are unable to decide whether the defendant had a duty to maintain the tree. [129 Mich App 593.]

Judge WALSH dissented, stating that the trial judge's ruling should be affirmed because there was no question that the tree was ten feet from the pavement edge, off of the shoulder. 129 Mich App 601. Thereafter, the majority reversed itself and adopted Judge WALSH's dissent as the majority opinion. *Moerman v Kalamazoo Co Rd Comm (On Rehearing)*, 141 Mich App 154; 366 NW2d 223 (1984).

It appears that the rule from *Moerman* is that trees that are so close to the shoulder of the road that they might be hazardous to passing motorists but which do not encroach on the shoulder would not give rise to a duty on the part of the state or the county road commissions.

In *Anderson v Macomb Co Rd Comm, supra,* the plaintiff was permanently paralyzed from the neck down when the vehicle in which she was a passenger skipped the curb and struck a utility pole located two feet from the curb. This Court held that the utility pole was not on the improved portion of the highway, and thus that the road commission's motion for summary disposition was properly granted. Significantly, the Court distinguished *McKee v Dep't of Transportation,* 132 Mich App 714; 349 NW2d 798 (1984), also a utility

pole case, on the basis that the pole there actually encroached on the narrow shoulder of the road.

On the strength of these cases, we conclude that defendant's duty in the present case extended only to the improved portion of the highway and not to the hedge obstruction located on private property. Our conclusion is buttressed by MCL 239.5; MSA 9.525 which provides that it is the duty of every land owner to trim hedges that are growing along a public highway to a height not exceeding 4½ feet. We believe that this statute evidences the Legislature's intent that liability for hedges that obstruct a motorist's vision should rest with the private landowner, not with the state or the county road commissions.

*Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977), and *Miller v Oakland Co Rd Comm,* 43 Mich App 215; 204 NW2d 141 (1972), cited by plaintiff, are inapposite. In *Cryderman,* this Court found that the duty to maintain highways reasonably safe and fit extended to "clear vision areas which lie beyond the improved portions of the highway proper." 78 Mich App 476. However, the duty in that case arose by statute as MCL 469.6; MSA 22.766 and MCL 469.7; MSA 22.767 provided for the removal of vision obstructions at railroad crossings. As the present case does not involve a railroad crossing, *Cryderman* is not applicable.

In *Miller,* the plaintiff was injured when a tree fell and struck her vehicle as she was driving along a county road. This Court held that the plaintiff's complaint was improperly dismissed in the face of the plaintiff's allegations that the defendant road commission had been warned by local residents of the dangers of falling trees in the area. This Court held that the plaintiff's allegations that the tree that struck her was along the

county road and that the defendant road commission knew of the dangers of falling trees was sufficient to state a cause of action in negligence. 43 Mich App 219. The case does not stand for the proposition, as alleged by plaintiff, that the location of the tree in that case was irrelevant.

The trial judge's ruling granting defendant's motion for summary disposition is affirmed.