*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

THOMAS PENGITORE,

        Plaintiff-Appellee/Cross-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
August 18, 2025
12:35 PM

No. 370302
Wayne Circuit Court
LC No. 23-001717-NO

Before: REDFORD, P.J., and RIORDAN and BAZZI, JJ.

PER CURIAM.

In March 2022, plaintiff, Thomas Pengitore, fell and suffered personal injuries on a public sidewalk in Detroit, Michigan. In February 2023, he filed this tort action against defendant, the City of Detroit.

Defendant appeals as of right the trial court order denying its motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law). Defendant argues governmental immunity should bar plaintiff's action because the signpost stub over which plaintiff allegedly tripped did not fall within the highway exception to governmental immunity, MCL 691.1401; and the signpost stub did not stick out of the sidewalk by at least two inches, MCL 691.1402a.

Plaintiff filed a cross-appeal of the trial court order granting defendant's motion to set aside a default entered against defendant. On appeal, plaintiff argues the trial court abused its discretion by setting aside the default because defendant did not establish good cause under MCR 2.603(D). For the reasons stated in this opinion, we affirm both orders of the trial court.

## I. BASIC FACTS

Plaintiff, a resident of New Jersey, attended a sporting event in Detroit on March 17, 2022. After the event ended, plaintiff was walking with a large group of people when he tripped on "jagged pieces of metal protruding from the sidewalk surface" on Clifford Street. He fell forward and struck his head on the sidewalk, sustaining personal injuries. Plaintiff submitted the following

-1-

images to the trial court of what appears to be the remnants of a signpost that was cut down, leaving a metal protrusion[1] above the surface of the sidewalk:

 

Defendant also submitted images of the signpost stub to show that it protrudes less than half of an inch above the sidewalk surface. Plaintiff does not dispute the height of the signpost stub.

In February 2023, plaintiff filed a complaint against defendant. Plaintiff sent a copy of the summons and complaint addressed to the Mayor of Detroit by certified mail in March 2023 with return receipt requested. According to the return receipt, an individual by the name of "John" with an unknown title received the copy of the summons and complaint at the mayor's office on March 6, 2023. When defendant did not timely file an answer or otherwise appear in the proceeding, plaintiff requested a default on April 6, 2023. A default was entered against defendant on April 14, 2023.

Defendant asked plaintiff to stipulate to set aside the default, explaining that the summons and complaint were not properly served on defendant. When plaintiff did not respond, defendant moved to set aside the default under MCR 2.603(D)(1) and (3) on the basis that the summons and complaint was not properly served on defendant in compliance with MCR 2.105(G). Defendant asserted that MCR 2.105(G) required some form of personal service on the individuals listed in the court rule and plaintiff only attempted to serve the mayor by certified mail. At a hearing on the motion to set aside the default, the trial court concluded that plaintiff did not comply with MCR

---

[1] We refer to the metal protrusion as a signpost stub throughout this opinion.

2.105(G) by only sending a copy of the summons and complaint by certified mail to the mayor. Because there was not proper service of process, the trial court explained it lacked personal jurisdiction over defendant and the default entered against it was void. Thereafter, the trial court entered an order setting aside the default.

After the default was set aside, defendant moved for summary disposition under MCR 2.116(C)(7), arguing that it was immune from liability under the Governmental Tort Liability Act ("GTLA"), MCL 691.1401 *et seq.*; because the "highway exception" to the GTLA was inapplicable to plaintiff's claim. Defendant argued the exception did not apply because the signpost stub over which plaintiff tripped was not part of the "sidewalk" as defined by MCL 691.1401(f) and, if it was part of the sidewalk, liability for the defect was barred by the "two-inch" rule in MCL 691.1402a(3)(a). Following arguments on the motion, the trial court concluded there was a question of fact whether the signpost stub was a "dangerous condition in the sidewalk itself" under MCL 691.1402a(3)(b). The trial court entered an order denying defendant's motion for summary disposition.

This appeal and cross-appeal followed.

## II. DEFENDANT'S ISSUE ON APPEAL

Defendant argues the "highway exception" to governmental immunity does not apply because the signpost stub was not part of the sidewalk as defined by the GTLA. Alternatively, defendant argues that, if this Court concludes that the signpost stub falls within the definition of "sidewalk," plaintiff's claim is nonetheless barred by the "two-inch" rule. Because we conclude that there is at least a factual question of whether or not the signpost stub was a "dangerous condition in the sidewalk itself" under MCL 691.1402a(3)(b), we disagree that plaintiff's claim was barred by governmental immunity.

This Court reviews de novo a decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A trial court may grant summary disposition under MCR 2.116(C)(7) on the basis of immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). Under MCR 2.116(C)(7), a reviewing court "must accept all well-pleaded factual allegations as true" and construe them in the light most favorable to the nonmoving party, unless other evidence contradicts them. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). The reviewing court must consider any affidavits, depositions, or other documentary evidence to determine if there is a genuine issue of material fact. *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*.

Under the GTLA, governmental agencies are generally immune from tort liability when engaged in the exercise or discharge of a government function. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). However, a governmental agency can be held liable under the GTLA if a claim falls into a statutory exception to immunity. *Moraccini v Sterling Hts*, 296 Mich App 387, 392; 822 NW2d 799 (2012). The immunity conferred by the GTLA is broad; whereas, the statutorily created exceptions to immunity are narrowly construed. *Plunkett v Dep't of Transp*, 286 Mich App 168, 181; 779 NW2d 263 (2009).

The relevant statutory exception to governmental immunity at issue in this case is the "sidewalk exception" set forth in MCL 691.1402a. As recently explained by our Supreme Court, municipalities were historically held liable for defective sidewalks under the "highway exception" to governmental immunity. *Mann v Detroit*, 21 NW3d 451 (2025). A previous version of the GTLA defined "highway" to include sidewalks, see MCL 691.1401, as amended by 2001 PA 131; and the "two-inch" rule shielded municipalities from liability for *de minimis* defects in public sidewalks, see MCL 691.1402a, as added by 1999 PA 205. However, in 2012, the GTLA was amended to separately define "sidewalk," see MCL 691.1401(f), as amended by 2012 PA 50; and impose liability on municipalities to maintain public sidewalks in reasonable repair, MCL 691.1402a(1), as amended by 2012 PA 50.

As amended, the GTLA now defines "sidewalk" in relevant part as "a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel." MCL 691.1401(f). Under the sidewalk exception, "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." MCL 691.1402a(1). To succeed in a claim against a municipality in a tort claim, the plaintiff must overcome a presumption that the municipality maintained the sidewalk in reasonable repair. MCL 691.1402a(3). The sidewalk exception to governmental immunity provides in relevant part as follows:

> In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:
>
> (a) A vertical discontinuity defect of 2 inches or more in the sidewalk.
>
> (b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity. [MCL 691.1402a(3).]

Defendant first contends that this Court need not reach the applicability of MCL 691.1402a(3)(a) or (b) because the signpost stub was excluded from the definition of a "sidewalk" in the GTLA. Defendant specifically contends that it can only be liable for defects in the pavement because "sidewalk" is defined as a "paved public sidewalk." MCL 691.1401(f). This argument is foreclosed by a recent order of our Supreme Court.[2]

In *Mann*, 21 NW3d at 451, the plaintiff sued the defendant (who is the same defendant in this appeal) for injuries he sustained when he was walking on a public sidewalk and tripped over a metal stub that was five inches high and four inches wide protruding from the sidewalk. The defendant argued that it was immune from tort liability because its liability for defects in the sidewalk was limited to defects in the pavement itself. *Id*. at 453. The Supreme Court rejected

---

[2] "An order of [the Supreme] Court is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012), citing Const 1963, art 6, § 6.

this argument, explaining that "[t]he reference to 'a paved public sidewalk' in MCL 691.1401(f) merely serves to limit municipalities' liability to paved public sidewalks, as opposed to unpaved or private sidewalks." *Id.* Further, the Court explained that the language used in MCL 691.1402a(3), "vertical discontinuity . . . in the sidewalk" and "dangerous condition in the sidewalk itself," did not limit application of the sidewalk exception to only pavement. *Id.*

The Supreme Court further explained that its conclusion was consistent with its holding in *LaMeau v Royal Oak*, 490 Mich 949; 805 NW2d 841 (2011), adopting the dissent in 289 Mich App 153; 796 NW2d 106 (2010) (TALBOT, J., dissenting). *LaMeau*, was decided before the 2012 amendment to MCL 691.1402a. In that case, the estate of a man who died as a result of driving a motorized scooter into a guy wire suspended above and anchored to a public sidewalk sued the municipal defendant under the highway exception to governmental immunity. *LaMeau*, 289 Mich App at 158. In a peremptory order, the Supreme Court concluded that the highway exception was inapplicable. *LaMeau*, 490 Mich at 949. The *Mann* Court explained that *LaMeau* was factually distinct because the decedent in *LaMeau* was injured after he interacted with the guy wire suspended above the sidewalk. *Mann*, 21 NW3d at 453. He did not directly interact with the anchor embedded in the sidewalk like the plaintiff in *Mann*. *Id.*[3]

The *Mann* Court's analysis of MCL 691.1401(f) and *LaMeau* is applicable to the facts of this case. Similar to the defect in *Mann*, the signpost stub in this case is a metal protrusion embedded in the middle of a pedestrian walkway. Accordingly, defendant's argument that liability for defects in the sidewalk are limited to the pavement itself is without merit.

Because defendant's liability is not foreclosed by MCL 691.1401(f), we turn next to the question of whether the signpost stub was a "vertical discontinuity defect of 2 inches or more" or a "dangerous condition in the sidewalk itself." MCL 691.1402a(3)(a) and (b). In this case, plaintiff allegedly tripped over a metal protrusion in the middle of the sidewalk. Apparently, the metal protrusion was the remnants of a signpost that had been cut down. The metal protrusion left behind was a jagged piece of metal that stood above the surface of the sidewalk. Because the signpost stub protruded less than two inches above the sidewalk, it was not a vertical discontinuity. See MCL 691.1402a(3)(a). However, because the signpost stub was embedded in the concrete of the sidewalk and protruded in the middle of the pedestrian walkway, it created, at a minimum, a factual question if this was a "dangerous condition in the sidewalk itself." See 691.1402a(3)(b). Therefore, for purposes of responding to the motion for summary disposition, plaintiff overcame the presumption in MCL 691.1402a(3) that defendant maintained the sidewalk in reasonable repair, and the trial court did not err by denying defendant's motion for summary disposition.

## III. PLAINTIFF'S ISSUE ON CROSS-APPEAL

---

[3] Defendant also relies on *Weaver v Detroit*, 252 Mich App 239; 651 NW2d 482 (2002), and *Tibor v Dep't of State Highways*, 126 Mich App 159; 337 NW2d 44 (1983), to support its argument that signpost stubs are not included in the definition of a sidewalk. These cases are factually distinguishable because they addressed the fact that the objects causing injuries to the plaintiffs were not within the roadway designed for travel. In contrast, this case involves a signpost stub embedded in the middle of a pedestrian walkway.

On cross-appeal, plaintiff argues the trial court abused its discretion by granting defendant's motion to set aside the default because defendant did not establish it had good cause for its failure to respond to plaintiff's complaint. Because we conclude defendant was not served with process and the default entered against it was void, we disagree that the trial court abused its discretion by setting aside the default.

This Court reviews a trial court's decision on a motion to set aside a default or default judgment for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. A trial court necessarily abuses its discretion when it commits an error of law. *Masrur v Regents of Univ of Mich*, 344 Mich App 102, 110; 999 NW2d 55 (2022).

[A]lthough the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). MCR 2.603(D) generally governs motions to set aside a default or default judgment. The court rule states in relevant part:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.
>
> * * *
>
> (3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612. [MCR 2.603(D).]

MCR 2.612(C) enumerates several grounds for relief from judgment, including that the "judgment is void." MCR 2.612(C)(1)(d). When service of process is lacking, a trial court has not obtained personal jurisdiction over the defendant. *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011); see also *C R Mech, Inc v Temp-San Corp, Inc*, 394 Mich 102, 102-103; 228 NW2d 784 (1975) (indicating failure to serve process itself is sufficient to warrant setting aside a default judgment).

Because defendant is a city, plaintiff was required to serve defendant in compliance with MCR 2.105(G), which governs service of process on public or governmental bodies. The court rule states that service of process is effectuated as follows:

> Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:
>
> (1) the chairperson of the board of commissioners or the county clerk of a county;
>
> (2) the mayor, the city clerk, or the city attorney of a city;

-6-

(3) the president, the clerk, or a trustee of a village;

(4) the supervisor or the township clerk of a township;

(5) the president, the secretary, or the treasurer of a school district;

(6) the president or the secretary of the Michigan State Board of Education;

(7) the president, the secretary, or other member of the governing body of a corporate body or an unincorporated board having control of a state institution;

(8) the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute.

The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office. [MCR 2.105(G).]

When interpreting a court rule, this Court applies the principles of statutory construction, starting first with an examination of the plain language of the court rule. *Estate of Maki v Coen*, 318 Mich App 532, 540; 899 NW2d 111 (2017).

According to the plain language of the subrule, there are two ways to effectuate service of process on a public or governmental body under MCR 2.105(G). First, the provisions in MCR 2.105(G)(1) through (8) each require personal service on at least one of the specified individuals. As indicated by the paragraph following these subrules, service may also be made on "an officer having substantially the same duties" as any of the specified individuals in MCR 2.105(G)(1) through (8) irrespective of title. MCR 2.105(G). As an alternative to service on the specified individuals or an individual with substantially the same duties as the specified individuals, service of process may be accomplished by personally serving a copy of the summons and complaint on a person in charge of the office of the officer and by sending a copy of the summons and complaint by registered mail to the officer at his or her office. MCR 2.105(G). Use of the introductory phrase "[i]n any case" before describing this alternative process indicates that the alternative method applies to each of the specified individuals in MCR 2.105(G)(1) through (8), not just those listed in MCR 2.105(G)(8) as plaintiff contends.

Plaintiff argues he effectuated service of process on defendant by certified mail addressed to the mayor. However, no provision in MCR 2.105(G) permits service by registered or certified mail alone as a method of service on a public corporation. Instead, service via registered mail on the officer is only mentioned once in MCR 2.105(G), and it may only be used in conjunction with service on a person in charge of the office of that officer. If service via registered mail alone were permissible under MCR 2.105(G), the alternative method of service on the person in charge of the office would be surplusage. See *Estate of Maki*, 318 Mich App at 540 ("[W]e must give effect to

every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.") (quotation marks and citation omitted).

Because defendant is a city, service was required to be made on the mayor, city clerk, or city attorney, see MCR 2.105(G)(2); or someone with the same duties as the specified individuals. Alternatively, service could have been made on a person in charge of the office of those officers as long as service was also made by registered mail to that officer at his or her address. There is no dispute in this case that plaintiff only attempted to effectuate service on defendant by sending the summons and complaint by certified mail to the mayor. This did not comply with the court rule. Therefore, defendant was not served with the summons and complaint in this case.

Because plaintiff did not serve defendant with a copy of the summons and complaint, the trial court never obtained personal jurisdiction over defendant. See *Lawrence M Clarke, Inc*, 489 Mich at 274. Without personal jurisdiction over defendant, the default entered against it was void. See MCR 2.612(C)(1)(d). Further, because the trial court did not obtain personal jurisdiction over defendant, defendant was not required to demonstrate "good cause" or a "meritorious defense" in order for the trial court to grant its motion to set aside the default. See MCR 2.603(D)(1).[4] The trial court did not abuse its discretion by setting aside the default.

Affirmed.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Mariam S. Bazzi

---

[4] Plaintiff contends that even if service of process was technically deficient, defendant had actual knowledge of his claim because the mayor acknowledged timely receipt of the summons and complaint. This contention is unsupported by the record. The return receipt for the summons and complaint shows only that someone of unknown title named "John" received the summons and complaint on March 6, 2023. The "received" stamp on the envelope for the summons and complaint shows that after the default was entered against defendant, the City of Detroit Law Department received the summons and complaint in May 2023. Moreover, plaintiff does not provide any binding authority that holds actual notice can excuse a lack of jurisdiction in a motion to set aside a default.